UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY WADE PATTERSON,<br><br>Plaintiff,<br><br>v.<br><br>SANTA CLARA COUNTY SET, et al.,<br><br>Defendants. | Case No. 20-07160 EJD (PR)<br><br>**ORDER OF DISMISSAL** |

Plaintiff, who is currently detained at the Santa Clara County Jail, filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983 against the Santa Clara Police Department for loss of property. Dkt. No. 1. Plaintiff's motion for leave to proceed in forma pauperis will be addressed in a separate order.

**DISCUSSION**

A.  **Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any

cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  See id. § 1915A(b)(1),(2).  Pro se pleadings must, however, be liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

### B.     Plaintiff's Claims

Plaintiff claims that on September 26, 2019, Defendants broke down the home of his residence in order to execute of a felony search warrant.  Dkt. No. 1 at 3.  Plaintiff claims he was not shown the search warrant when he asked for it.  Id.  Plaintiff seeks to recover $35,000 from Defendants to compensate for the loss of personal property that was stolen by burglars and squatters "as a result of police breaking in doors [and] disabling alarm and cameras and locks."  Id.

Plaintiff fails to state a claim because his allegations, even liberally construed, fails to satisfy the first element for a section 1983 claim, i.e., that a right secured by the Constitution or federal law was violated.  See West v. Atkins, 487 U.S. at 48.  Plaintiff does not allege that Defendants themselves seized the property, which would implicate due process.  Rather, he admits that the property was stolen by unidentified private individuals.  At best, Defendants may have acted negligently in failing to secure the area after executing their warrant, but such actions amount to nothing more than tortious conduct which is actionable under state law, not section 1983.  There being no independent basis for federal jurisdiction, Plaintiff must pursue this claim in state court.

///

///

///

## CONCLUSION

For the foregoing reasons, the complaint is **DISMISSED** for failure to state a claim for relief. Plaintiff must pursue the claims herein in state court.

The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: 2/11/2021

EDWARD J. DAVILA
United States District Judge

Order of Dismissal
PRO-SE\EJD\CR.20\07160Patterson_dism(ftsac)